**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4081**

─────────────

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

MICHAEL ALEXANDER SCOTT,

                  Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:08-cr-00084-RGD-JEB-1)

─────────────

Submitted: April 28, 2010          Decided: May 24, 2010

─────────────

Before KING, SHEDD, and DAVIS, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia; Walter B. Dalton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Dana J. Boente, Assistant United States Attorney, Alexandria, Virginia; Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Alexander Scott pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to fifty-one months' imprisonment and three years of supervised release. Scott appeals. In light of United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), we vacate and remand.

Scott contends that the district court committed a procedural error by failing to explain the factual basis for requiring him to undergo mental health evaluation and treatment as a sex offender, as a special condition of supervised release. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse if such an abuse of discretion is found unless the court can conclude "that the error was harmless." Lynn, 592 F.3d at 576. For instance, "the district court must state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Lynn, 592 F.3d at 578.

As in Lynn, we conclude that Scott's "arguments in the district court for a different sentence than the one he received preserved his claim of procedural sentencing error on appeal." Lynn, 592 F.3d at 581. These arguments "sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments." Id. at 578. Therefore, we must review any procedural sentencing error

3

for abuse of discretion and reverse unless the error was harmless. Id. at 579.

The district court erred because it failed to explain why it imposed sex offender treatment as a condition of Scott's supervised release. See Lynn, 592 F.3d at 581-82. The error was not harmless because, inter alia, the district court's lack of explanation for imposing this condition resulted in "a record insufficient to permit even routine review for substantive reasonableness." Id. at 582 (omission and internal quotation marks omitted).

Accordingly, we conclude that the district court committed procedural error and abused its discretion when imposing the sentence.[*] We therefore vacate Scott's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Because we find that Scott's sentence is procedurally unreasonable, we do not consider whether his sentence is substantively unreasonable.

4